## US AIRLINE PILOTS ASSOCIATION, Appellant

v.

## PENSION BENEFIT GUARANTY CORPORATION, Appellee.

### No. 14–5181.

United States Court of Appeals, District of Columbia Circuit.

April 28, 2015.

David Judah Butler, Esquire, Bryan Michael Killian, Morgan, Lewis & Bockius LLP, Washington, DC, for Appellant.

Andrew C. Bernasconi, Reed Smith LLP, Paula J. Connelly, Esquire, Garth David Wilson, Esquire, Pension Benefit Guaranty Corporation (PBGC) Office of General Counsel, Washington, DC, for Appellee.

Before: GRIFFITH and KAVANAUGH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties and oral argument of counsel. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be **AFFIRMED.**

Until 2003, U.S. Airways sponsored a defined-benefit retirement plan for its pilots, known as the Retirement Income Plan for Pilots of U.S. Airways, Inc. After the Plan's termination, the Pension Benefit Guaranty Corporation was appointed the Plan's statutory trustee pursuant to the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 1342(b)(1). The U.S. Airline Pilots Association brought this suit against the Corporation for breach of its statutory and fiduciary duties as statutory trustee. The Association alleged that the Corporation failed to investigate potential claims against the Plan's former trustees despite several "red flags," including the Plan's investment strategy and actuarial assumptions. After a three-day bench trial, the District Court ruled that the Plan's investment strategy and actuarial assumptions did not constitute "red flags" requiring the Corporation to investigate further. In so ruling, the District Court did not commit legal error or reach clearly erroneous factual conclusions. We therefore affirm.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.